# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CAROLYN HORTON, et al.,** | : | **CIVIL ACTION NO. 1:06-CV-2338** |
| Plaintiffs | : | (Judge Conner) |
| v. | : | |
| **CITY OF HARRISBURG, et al.,** | : | |
| Defendants | : | |

## ORDER

AND NOW, this 18th day of November, 2009, upon consideration of defendants' motion in limine (Doc. 61), wherein defendants request that the court exclude evidence or argument related to race, evidence or argument related to an alleged failure of the municipality to train defendant Lyda, and evidence or argument related to whether police tactics provoked a deadly encounter,[1] and upon

---

[1] Defendants contend that, because there is no evidence to support plaintiffs' claim that defendant Lyda's actions were racially motivated, the probative value of any evidence or argument related to race would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. See FED. R. EVID. 403. Defendants similarly argue that there is insufficient evidence to support plaintiffs' claim that the decedent's death resulted from the city of Harrisburg's policy, practice, or custom of failing to properly train its officers, and that any evidence or argument relating to this issue would unfairly prejudice defendants or would confuse or mislead the jury. Finally, defendants argue that there is no binding authority supporting plaintiffs' theory that deadly force, even if used in self defense, is unlawful when police tactics provoke the deadly encounter. Therefore, defendants ask the court to preclude plaintiffs from offering evidence or argument at trial regarding the claim that police tactics unwittingly provoked a deadly encounter in the instant case, either because plaintiffs' theory is not binding or because defendant Lyda should be entitled to qualified immunity, as the law was not clearly established at the time of the alleged events.

consideration of plaintiffs' opposition (Doc. 67) to defendants' motion in limine,[2] and the court concluding that defendants' request that the court exclude all evidence and argument regarding race is overbroad, and that the probative value of evidence or argument relating to the municipality alleged failure to properly train its officers is not substantially outweighed by the danger of unfair prejudice, confusion, or misleading the jury,[3] and that plaintiffs should be permitted to present evidence regarding the circumstances that may have provoked the deadly encounter at issue in this case, to the extent that such evidence is relevant to an evaluation of the reasonableness of defendant Lyda's conduct, see Abraham v. Raso, 183 F.3d 279,

---

[2] Plaintiffs argue that the evidence of race-related motives for defendant Lyda's actions is relevant and that its probative value is not substantially outweighed by a danger of unfair prejudice to defendants. Plaintiffs further contend that defendants' objection goes to the weight of the evidence, not to its admissibility, and that the jury should therefore be permitted to evaluate the evidence. With respect to the evidence regarding municipal liability for failure to train, plaintiffs assert that the court should permit them to present such evidence at trial, because their municipal liability claim is still viable, as the court concluded in its disposition of defendants' motion for summary judgment. Finally, plaintiffs contend that the police tactics creating the need for force are relevant to an evaluation of the reasonableness of the eventual use of force, as part of the "totality of the circumstances." See Abraham v. Raso, 183 F.3d 279, 291 (3d Cir. 1999). Plaintiffs also dispute that defendant Lyda should be entitled to qualified immunity.

[3] Although relevant evidence is generally admissible, a trial court has broad discretion to exclude relevant evidence under Rule 403 when the probative value of the evidence is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." FED. R. EVID. 402, 403; Betterbox Commc'ns Ltd. v. BB Techs., Inc., 300 F.3d 325, 330 (3d Cir. 2002) (holding that "the district court had broad discretion in ruling on [a] Rule 403 request"). In its ruling on defendants' summary judgment motion, the court concluded that plaintiffs' evidence supporting their claim of inadequate training could support a favorable jury verdict. (See Doc. 57 at 10-11.) Thus, the court is not persuaded that plaintiffs' evidence is of such minimal probative value that it is substantially outweighed by the risk of prejudice, confusion, or of misleading the jury.

291 (3d Cir. 1999), it is hereby ORDERED that defendants' motion in limine (Doc. 61) is DENIED without prejudice to defendants' right to object to prejudicial, confusing, or misleading evidence presented at trial.

S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge
